# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

James Cecil Neff,
    Petitioner

    vs                          Case No. 1:06cv135
                               (Spiegel, S.J.; Black, M.J.)

Tim Brunsman,
    Respondent

## REPORT AND RECOMMENDATION

      Petitioner, an inmate currently in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss (Doc. 3), petitioner's response in opposition to the motion (Doc. 6), respondent's reply to petitioner's response (Doc. 7), and petitioner's supplemental memorandum in response (Doc. 8).

### Procedural Background

      On August 30, 2000, the Clermont County, Ohio, grand jury indicted petitioner, charging him with two counts of rape in violation of Ohio Rev. Code § 2907.02(A)(1)(b) and three counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(4).  (Doc. 3, Ex. A).  On October 25, 2000, petitioner entered guilty pleas to one count of rape and two counts of gross sexual imposition in exchange for the dismissal of the remaining charges.  (*Id.,* Exs. B-C).

      A sentencing hearing was held on November 30, 2000, and on January 10, 2001, the trial court filed a Judgment Entry sentencing petitioner to consecutive terms of imprisonment of ten (10) years for the rape offense and five (5) years for each of the gross sexual imposition offenses, for a total prison term of twenty (20)

years.[1] (*Id.,* Ex. D). The court also found that petitioner was a "sexual predator" subject to the registration and reporting requirements set forth in Ohio Rev. Code §§ 2950 *et seq.* following his release from prison. (*Id.*).

Petitioner did not pursue an appeal as of right from his conviction and sentence. Indeed, he took no action to challenge his conviction or sentence until June 16, 2005, when he filed a *pro se* notice of appeal and motion for delayed appeal with the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Exs. E-F).

In his motion for delayed appeal, petitioner did not set forth the assignments of error that he planned to raise on appeal. He argued as "cause" for his delay in filing that although he was informed at sentencing that he had a right of appeal, he was not advised of the 30-day time-frame for perfecting a timely appeal; that his trial counsel told him to complete "some sex offense programs" in prison first before asking the court to appoint counsel to represent him on appeal;[2] and that he never "waived" his Sixth Amendment right to counsel for the purpose of filing a timely notice of appeal. (*Id.,* Ex. F). On August 4, 2005, the Ohio Court of Appeals denied petitioner's motion for delayed appeal and dismissed the appeal without opinion. (*Id.,* Ex. I).[3]

Petitioner sought leave to appeal further to the Supreme Court of Ohio, claiming as the sole proposition of law that the Ohio Court of Appeals erred in denying his motion for delayed appeal without "making the required . . . determinations" established in *State v. Sims,* 272 N.E.2d 87 (Ohio 1971), as to whether petitioner was indigent and had waived his right to counsel for the purpose

---

[1] This sentence also was to be served consecutively to the sentence imposed in another separate criminal case brought against petitioner in the Clermont County Court of Common Pleas. (*See* Doc. 3, Ex. D, p. 3).

[2] It is noted that petitioner did not assert this allegation regarding erroneous advice he purportedly received from his trial counsel on further appeal to the Supreme Court of Ohio from the denial of his delayed appeal motion; nor has he raised such an argument in the instant federal habeas corpus proceeding. (*See* Doc. 1; Doc. 3, Ex. M; Doc. 6; Doc. 8). Therefore, it appears that such a claim may be deemed waived.

[3] Petitioner filed a motion for reconsideration on August 19, 2005, which was denied by the Ohio Court of Appeals on the ground that it was not timely filed in accordance with Ohio R. App. P. 26(A). (Doc. 3, Exs. J, L).

of perfecting a timely appeal. (*Id.,* Ex. M). On December 14, 2005, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. O).

Petitioner next initiated the instant federal habeas corpus action. The petition, which was officially "filed" on March 13, 2006, was signed by petitioner on January 13, 2006, and was stamped as "received" by the Court for filing two times–first on January 19, 2006 and then on February 3, 2006. (Doc. 1).

In the petition, petitioner alleges only one ground for relief:

> The [Ohio Court of Appeals] erred to the prejudice of [petitioner] when it denied delayed appeal without making the required *State v. Sim[]s,* 272 N.E.2d 87[,] determinations of whether [petitioner] was indigent and whether [petitioner] waived the right of counsel to ... timely file the jurisdictional notice of appeal into the Court of Appeal[s].

(*Id.*, p. 5).

Respondent has filed a motion to dismiss, in which he contends that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 3).

## OPINION

### The Petition Should Not Be Dismissed As Time-Barred

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if

3

the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which statute of limitations provision set forth in 28 U.S.C. § 2244(d)(1) applies to petitioner's sole claim for relief. Respondent contends in the motion to dismiss that because petitioner was informed at sentencing that he had a right of appeal, including the right to court-appointed counsel free of cost, the statute of limitations set forth in § 2244(d)(1)(A) applies, which commenced running on February 10, 2001, one day after the thirty-day period for filing an appeal as of right under Ohio R. App. P. 4(A) expired. (Doc. 3, Brief, p. 6; *see also* Doc. 5, Tr. 46-47, 49-51).

There are two problems with respondent's position. First, to the extent petitioner alleges the Ohio Court of Appeals improperly denied his motion for delayed appeal without making certain determinations in accordance with the Supreme Court of Ohio's *Sims* decision, his claim could not have accrued before August 4, 2005, the date the Ohio Court of Appeals issued its challenged ruling.

Instead, such claim is governed by §2244(d)(1)(D), which provides that the statute of limitations does not begin to run until the date the factual predicate of the claim presented could have been discovered in the exercise of due diligence. Under that provision, the "clock" commenced running on August 4, 2005, and petitioner's federal habeas petition signed and first received for filing in January 2006, within the one-year limitations period, is timely. *Cf. DiCenzi v. Rose,* 452 F.3d 465, 468 (6th Cir. 2006), *superseding and amending,* 419 F.3d 493 (6th Cir. 2005) (petitioner's claim that the Ohio Court of Appeals improperly refused to allow him to file a delayed appeal accrued on the date the state appellate court denied his motion for delayed appeal; under § 2244(d)(1)(D), which governed such claim, the "clock" began to run from that date forward).[4]

Second, to the extent petitioner's claim is based on the underlying allegation

---

[4] *See also Evans v. Lazaroff,* No. 2:06-cv-188, 2006 WL 3759697, at *4 (S.D. Ohio Dec. 19, 2006) (Holschuh, J.; Abel, M.J.) (unpublished) (claim that the Ohio Court of Appeals erred in denying the petitioner's motion for delayed appeal was timely under § 2244(d)(1)(D), which commenced running the date the delayed appeal motion was denied).

4

that he was inadequately informed of his right of appeal at his sentencing hearing in November 2000, the undersigned is reluctant to accept respondent's position that petitioner could have discovered the factual predicate for such claim in the exercise of due diligence before the thirty-day appeal period expired.

As petitioner has pointed out (*see* Docs. 6, 8), it appears from the present record that petitioner was not specifically informed when entering his plea or at sentencing of the 30-day time limit for filing an appeal as of right under Ohio R. App. P. 4(A). (*See* Doc. 3, Exs. B-D; *see also* Docs. 4, 5). On the other hand, it appears from the record that petitioner had a prior record involving a 1996 Ohio criminal conviction for similar sexually-oriented offenses, which gives rise to the possibility that petitioner was informed then and thus was well-aware in the present case of the deadline for perfecting a timely appeal. (*See* Doc. 5, Tr. 6, 9, 13). Nevertheless, because the record has not been sufficiently developed regarding this particular notice issue, the undersigned assumes, without deciding, in petitioner's favor that his cause of action did not accrue until *after* his conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) by the conclusion of direct review or the expiration of time for seeking such review.[5]

Citing *Wolfe v. Randle,* 267 F.Supp.2d 743 (S.D. Ohio 2003) (Spiegel, S.J.), petitioner contends that his underlying claim that he was inadequately informed of his right of appeal is governed by the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(B), because the trial court's failure "to convey any applicable time table" for perfecting an appeal as of right amounted to a "state-created impediment" which prevented him from filing a timely federal habeas petition. (Doc. 8, p. 3). In *Wolfe,* the district court granted habeas corpus relief based on the claim, previously determined to be timely under 28 U.S.C. § 2244(d)(1)(A), that the petitioner was denied his right of appeal from his conviction and sentence upon entry of a guilty plea because neither his counsel nor the trial court informed

---

[5] It is noted that the limitations provision set forth in § 2244(d)(1)(A) has been found to apply in cases where, like here, the petitioner has alleged he was denied his right of appeal, but unlike here, the petitioner was informed of his appellate rights, including the time limits for perfecting an appeal as of right, prior to entry of the final judgment of conviction and sentence. *See, e.g., Hale v. Warden, London Corr. Inst.,* 1:05-cv-213, 2006 WL 3230856, at *4-8 (S.D. Ohio Nov. 6, 2006) (Barrett, J.; Hogan, M.J.) (unpublished); *Merriweather v. Brunsman,* 1:02-cv-369, 2006 WL 1698825, at *2, 4, 10-12 (S.D. Ohio June 20, 2006) (Spiegel, S.J.; Hogan, M.J.) (unpublished).

him that he had a right to an appeal, "the procedures and time limits involved with proceeding with that appeal, and the right to have the assistance of appointed counsel for that appeal." *Wolfe,* 267 F.Supp.2d at 747-50 (and cases cited therein). Contrary to petitioner's contention, however, *Wolfe* did not involve the statute of limitations provision contained in §2244(d)(1)(B).

To invoke the limitations provision set forth in § 2244(d)(1)(B), the petitioner must establish that "(1) he was prevented from filing a federal habeas petition, (2) by State action (3) in violation of the Constitution or federal law." *Evans v. Lazaroff,* No. 2:06-cv-188, 2006 WL 3759697, at *5 (S.D. Ohio Dec. 19, 2006) (Holschuh, J.; Abel, M.J.) (unpublished) (quoting *Collier v. Dretke,* No. 3:03-CV-2744-L, 2004 WL 1585903, at *2 (N.D. Tex. July 13, 2004) (unpublished Report & Recommendation) (in turn quoting *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003)), *adopted,* 2004 WL 1944030 (N.D. Tex. Aug. 31, 2004)). Under this provision, there must be a causal connection between the allegedly unconstitutional state action and being prevented from filing the petition. *Id.* (citing *Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D. Mass. 2001)). For example, § 2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged facts indicating his counsel was ineffective in perfecting or pursuing an appeal requested by him and such ineffectiveness actually prevented him from filing a timely habeas petition. *See, e.g., Waldron v. Jackson,* 348 F.Supp.2d 877, 882-86 (N.D. Ohio 2004); *Woods v. Jackson,* No. 1:00-cv-803, 2006 WL 746293, at *5-7 (S.D. Ohio Mar. 22, 2006) (Spiegel, S.J.) (unpublished).[6]

No such allegations establishing such a causal relationship have been made here. Petitioner has not alleged any facts even remotely suggesting that his counsel or the trial court improperly advised him that he had no federal remedies or engaged in any conduct that would have prevented petitioner from filing a timely

---

[6] *Cf. Winkfield v. Bagley,* 66 Fed.Appx. 578, 582-83 (6th Cir. 2003) (not published in Federal Reporter), *cert. denied,* 540 U.S. 969 (2003); *Dean v. Pitcher,* No. Civ. 02-71203-DT, 2002 WL 31875460, at *3 (E.D. Mich. Nov. 7, 2002) (unpublished); *Collier v. Dretke,* No. 3:03-CV-2744-L, 2004 WL 1585903, at *2 (N.D. Tex. July 13, 2004) (unpublished Report & Recommendation), *adopted,* 2004 WL 1944030 (N.D. Tex. Aug. 31, 2004); *Felton v. Cockrell,* No. 3:03-CV-0764-L, 2003 WL 21946862, at *3 (N.D. Tex. Aug. 13, 2003) (unpublished Report & Recommendation). *But cf. Dunker v. Bissonnette,* 154 F.Supp.2d 95, 105 (D. Mass. 2001) (rejecting argument that the petitioner's court-appointed attorney was a "state actor" under § 2244(d)(1)(B)).

habeas petition. Therefore, contrary to petitioner's contention, § 2244(d)(1)(B) is inapplicable to the case-at-hand. *Cf. Evans, supra,* 2006 WL 3759697, at *5-6 (holding that petitioner's agreement contained in the plea bargain to waive his right of appeal did not constitute a "state-created impediment" within the meaning of § 2244(d)(1)(B), which prevented petitioner from filing a federal habeas corpus petition).

Accordingly, to the extent petitioner's claim for relief is based on the underlying allegation that he was not properly informed of the time limits for perfecting an appeal as of right, such claim should be assessed under 28 U.S.C. § 2244(d)(1)(D), as opposed to § 2244(d)(1)(A), as requested by respondent, or § 2244(d)(1)(B), as requested by petitioner.

Applying § 2244(d)(1)(D) to the case-at-hand, the statute of limitations commenced running with respect to this underlying claim of a denial of the right to an appeal when, in the exercise of due diligence, petitioner could have discovered he was required by Ohio law to exercise his right of appeal within thirty days after entry of the judgment of conviction and sentence. *Cf. id.* at *7 (citing *DiCenzi,* 452 F.3d at 469-71).

As the Sixth Circuit explained in *DiCenzi*:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [the time limits for perfecting an appeal as of right]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.

*DiCenzi,* 452 F.3d at 470 (citing *Wims v. United States,* 225 F.3d 186, 190 (2nd Cir. 2000)).

In this case, certainly weighing heavily in respondent's favor is the substantial amount of time–over four and one-half years–that elapsed after petitioner was generally informed at his sentencing hearing on November 30, 2000 that he had a right to an appeal with court-appointed counsel free-of-cost, before he

finally took action on June 16, 2005 to seek review of his conviction and sentence by filing a motion for delayed appeal with the Ohio Court of Appeals. (*See* Doc. 3, Exs. E-F; Doc. 5). Another factor that may be of importance is that petitioner previously was convicted and sentenced in Ohio for similar sexually-oriented offenses, and thus may have been made aware in that prior proceeding of the 30-day time limit for perfecting an appeal as of right.

    On the other hand, petitioner has averred that he believed, albeit erroneously, that he could first complete "some sex offense programs" in prison before bringing a timely appeal in the state courts. Moreover, neither party has argued or presented any evidence as to precisely when petitioner, acting in due diligence, could have discovered the factual predicate underlying his claim that he was denied his right of appeal. Therefore, at least at this juncture in the proceedings, respondent has not demonstrated that the applicable one-year limitations period set forth in § 2244(d)(1)(D) had run its course with respect to petitioner's underlying claim of constitutional error before petitioner initiated the instant action in January 2006. *Cf. DiCenzi,* 452 F.3d at 470-71 (habeas petition filed over four years after the petitioner's sentence became final was remanded to the district court on "fact-specific" issue, which the petitioner bore the burden of proving, as to whether he was "duly diligent" within the meaning of § 2244(d)(1)(D); the resolution of this issue involved an assessment of "both (a) when [petitioner] first learned of his right to appeal, and (b) when a reasonably diligent person in [petitioner's] position could be reasonably expected to learn of his appeal rights") (citing *Wims,* 225 F.3d at 190-91).[7]

    Accordingly, in sum, the undersigned concludes that, on the basis of the present record, petitioner's sole claim for relief is governed by the one-year statute

---

[7] Depending on the individual circumstances of each case, possible factors to consider in resolving this "fact-specific" issue may include any terms of the plea agreement relating to the petitioner's appeal rights; any pre- or post-sentence conversations between the petitioner and his counsel regarding an appeal; the conditions of petitioner's confinement and the reality of the prison system as affecting the petitioner's ability to discover relevant information; any prior criminal convictions from which the petitioner would have obtained independent knowledge of his right of appeal; and the petitioner's degree of "sophistication." *See, e.g., DiCenzi,* 452 F.3d at 471-72; *Montenegro v. United States,* 248 F.3d 585, 592-93 (7th Cir. 2001), *overruled in part on other grounds by Ashley v. United States,* 266 F.3d 671 (7th Cir. 2001); *Wims,* 225 F.3d at 190-91; *United States v. Crowell,* 15 Fed.Appx. 709, 711-12 (10th Cir. 2001) (not published in Federal Reporter); *Evans, supra,* 2006 WL 3759697, at *7; *Rodriguez v. New York,* No. 01Civ.9374KMWAJP, 2003 WL 289598, at *17 & n.17 (S.D.N.Y. Feb. 11, 2003) (unpublished Report & Recommendation).

of limitations set forth in 28 U.S.C. § 2244(d)(1)(D) and is timely to the extent petitioner alleges the Ohio Court of Appeals improperly denied his motion for delayed appeal on August 4, 2005.  Moreover, to the extent petitioner also alleges that he was denied his constitutional right of appeal because he was not specifically advised about the time limits for perfecting an appeal as of right at his sentencing hearing in November 2000, the record has not been fully developed as to when petitioner could have discovered the factual predicate for such claim in the exercise of due diligence under § 2244(d)(1)(D).   Therefore, respondent's motion to dismiss (Doc. 3) should be DENIED.

## IT IS THEREFORE RECOMMENDED THAT:

Respondent's motion to dismiss (Doc. 3) be DENIED.


Date:   2/22/07                             s/Timothy S. Black
        cbc                          Timothy S. Black
                                     United States Magistrate Judge


J:\BRYANCC\2007 habeas orders\06-135denymtd-sol.gp-delapp-rtapp.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

James Cecil Neff,
    Petitioner,

           v.

Tim Brunsman,
    Respondent.

Case No. 1:06cv135
(Spiegel, S.J.; Black, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).