```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

JAMES CECIL NEFF,                  :
                                   : NO. 1:06-CV-00135
        Petitioner,                :
                                   :
   v.                              : **OPINION AND ORDER**
                                   :
                                   :
TIM BRUNSMAN, Warden,              :
                                   :
        Respondent.                :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 11), Respondent's Objections (doc. 12), and Petitioner's Objections (doc. 13). For the reasons indicated herein, the Court AFFIRMS and ADOPTS the Report and Recommendation in all respects.

**I. Background**

Petitioner James Neff, an inmate in state custody at Chillicothe Correctional Institution in Chillicothe, Ohio, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). Petitioner entered guilty pleas on October 25, 2000, to one count of rape, in violation of Ohio Rev. Code § 2907.02(A)(1)(b), and to two counts of gross sexual imposition, in violation of Ohio Rev. Code § 2907.05(A)(4) (doc. 11). The trial court sentenced Petitioner on January 10, 2001, to consecutive terms of imprisonment of ten years for the rape offense, and to five years for each of the gross sexual imposition offenses, for a total of twenty years of imprisonment (Id.). The Court also found

Petitioner to be a "sexual predator," and subject to the registration and reporting requirements of Ohio Rev. Code § 2950, et seq. (Id.).

Petitioner took no action to challenge or appeal his sentence until more than four years later, on June 16, 2005, when he filed a pro se notice of appeal and a motion for delayed appeal with the Ohio Court of Appeals (Id.).  In his motion, Petitioner argued he had "cause" for his appeal based on allegations that although advised of his right to appeal at sentencing, no one advised him he only had thirty days to do so (Id.).  According to Petitioner, his trial counsel advised him to complete "some sex offense programs" in prison prior to seeking counsel to represent him on appeal (Id.).  Petitioner further argued in his motion that he never waived his Sixth Amendment right to counsel for the purpose of filing a timely notice of appeal (Id.).  The Ohio Court of Appeals denied Petitioner's motion for delayed appeal and dismissed the appeal (Id.).

Petitioner next sought leave to appeal with the Ohio Supreme Court, claiming the Court of Appeals erred in denying his motion for delayed appeal without determining whether he was indigent and had waived his right to counsel for the purpose of perfecting a timely appeal, consistent with State v. Sims, 272 N.E. 2d 87 (Ohio 1971) (Id.).  The Ohio Supreme Court denied Petitioner leave to appeal and dismissed the appeal (Id.).

2

Petitioner then initiated the instant habeas petition, which he filed on February 7, 2006, when the clerk entered receipt of the filing fee (doc. 1).  Petitioner alleges one ground of relief in his petition: that the Ohio Court of Appeals erred in denying him appeal without making the determinations under Sims, 272 N.E. 2d 87, whether he was indigent and whether he had waived the right of counsel to timely file the notice of appeal (Id.).

Respondent filed a motion to dismiss Petitioner's habeas petition (doc. 3), arguing that the petition is time barred from review by the one-year statute of limitations of 28 U.S.C. § 2244(d) (doc. 3).  In his February 22, 2007 Report and Recommendation, the Magistrate Judge recommended that Respondent's motion should be denied, and the Petition should not be dismissed as time-barred (doc. 11).

**II.  The Magistrate Judge's Report and Recommendation (doc. 11)**

The Magistrate Judge reported that in this case, the Court must first determine which of the four statute of limitation provisions set forth in 28 U.S.C. § 2244(d)(1) applies to Petitioner's claim for relief (doc. 11).  Section 2242 (d)(1) provides a one-year statute of limitation for a person held in custody pursuant to judgment of a state court to file a habeas petition, from the latest of (A) the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to

filing an application created by state action in violation of the Constitution or laws the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence (Id.).

The Magistrate Judge reports that Respondent argues Section 2244(d)(1)(A) applies, as in his view, the Court informed Petitioner he had a right of appeal when he was sentenced, so that he had one year to file his petition, starting from February 10, 2001, one day after the thirty-day period for filing an appeal as of right under Ohio R. App. P. 4(A) expired (Id.). The Magistrate Judge rejected Respondent's position, however, finding first that because Petitioner alleges the Ohio Court of Appeals improperly denied his motion in contravention of Sims, his claim could not have accrued before August 4, 2005, the date the Ohio Court of Appeals issued its challenged ruling (Id.). The Magistrate Judge reasoned that Petitioner's claim is rather governed by Section 2244(d)(1)(D), so that the clock began running on August 4, 2005, after the Ohio Court of Appeals denied his motion for delayed appeal (Id. citing DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir.

4

2006), superceding and amending, 419 F.3d 493 (6th Cir. 2005), Evans v. Lazaroff, No. 2:06-CV-00188, 2006 WL 3759697, at *4 (S.D. Ohio Dec. 19, 2006)).  Second, found the Magistrate Judge, the record is undeveloped as to Petitioner's claim that he had not been informed when entering his plea or at sentencing of the thirty-day time limit for filing an appeal under Ohio R. App. P. 4(A) (Id.).  For this reason, the Magistrate Judge assumed, without deciding, that Petitioner's cause of action did not accrue until after his conviction became "final" under 28 U.S.C. § 2244(d)(1)(A) by conclusion of direct review or the expiration of time for seeking such review (Id.).

The Magistrate Judge also rejected Petitioner's argument that Section 2244(d)(1)(B) applies to this case, as Petitioner has not alleged any facts suggesting the trial court or his counsel advised him that he had no federal remedies or engaged in conduct that would have prevented him from filing a timely habeas petition (Id.).  Cases in which courts applied the section, the Magistrate Judge opined, allege facts where counsel was ineffective in perfecting or pursuing a requested appeal and such ineffectiveness actually prevented the timely filing of a habeas petition (Id. citing Waldron v. Jackson, 348 F.Supp.2d 877, 882-86 (N.D. Ohio 2004), Woods v. Jackson, No. 1:00-CV-00803, 2006 WL 746293, at *5-7 (S.D. Ohio Mar. 22, 2006)).

Having rejected both Respondent's view that Section

5

2244(d)(1)(A) applies to the case, and Petitioner's view that Section 2244(d)(1)(B) applies, the Magistrate Judge proceeded to apply Section 2244(d)(1)(D) (Id.). Under this section, the Magistrate Judge reported that the statute of limitations began to run when, in the exercise of due diligence, Petitioner could have discovered he was required by Ohio law to exercise his right of appeal within thirty days after entry of judgment of conviction and sentence (Id. citing DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2005)). In Respondent's favor, found the Magistrate Judge, is the substantial amount of time, some four-and-a-half years, that elapsed after the court generally informed Petitioner of his appeal rights, before Petitioner finally took action on June 16, 2005, to seek review of his conviction (Id.). Moreover, Petitioner had been previously convicted and sentenced in Ohio, and the Magistrate Judge hypothesized that Petitioner may have been informed of the thirty-day time limit in that prior proceeding (Id.).

However, the Magistrate Judge noted that Petitioner averred he believed that he could first complete "some sex offense programs" in prison before bringing a timely appeal in the state courts (Id.). Moreover, neither party argued or presented any evidence as to when Petitioner, acting in due diligence, could have discovered the factual predicate underlying his claim that he was denied his right of appeal (Id. citing DiCenzi, 452 F.3d at 470-71(the determination of whether Petitioner was duly diligent is a

6

fact specific issue)).  Accordingly, concluded the Magistrate Judge, based on the current record, Petitioner's sole claim for relief is governed by the one-year statute of limitations set forth in Section 2244(d)(1)(D), and is timely to the extent that the Court of Appeals improperly denied his motion for delayed appeal on August 4, 2005 (doc. 11).  Moreover, reasoned the Magistrate Judge, as Petitioner alleged he was not advised of the time limits for perfecting an appeal, the record has not been fully developed as to when he could have discovered the factual predicate for such claim in the exercise of due diligence under Section 2244(d)(1)(D). Under such circumstances, the Magistrate Judge recommended that the Court deny Respondent's Motion to Dismiss.

**III.  Respondent's Objection (doc. 12)**

Respondent indicates it does not object to the Magistrate Judge's recommendation that Section 2244(d)(1)(B) is inapplicable (doc. 12).  Respondent reiterates its argument, however, that Section 2244(d)(1)(A) applies such that Petitioner's petition was untimely filed, years after his conviction became final (Id.).

Respondent argues that under a Section 2244(d)(1)(D) analysis, any claim that Petitioner acted in due diligence is refuted by the record (Id.).  In Respondent's view, the transcript shows the state court indicated that time was an issue, and a duly diligent person having been so advised would not have taken more than three-and-a-half years to discover the thirty-day time limit

7

for filing an appeal (Id.). Respondent further argues that the burden in on Petitioner to provide evidence that he acted with due diligence, and that he has not argued or presented any evidence showing that he did so (Id.). Accordingly, argues Respondent, the Court should decline to adopt the Magistrate Judge's recommendation that Petitioner is entitled to a later starting date for the statute of limitations under 18 U.S.C. § 2244(d)(1)(D)(Id.).

**IV. Petitioner's Objection (doc. 13)**

Petitioner filed a pro se Objection to the Magistrate Judge's Report and Recommendation, in which he agreed with the Magistrate Judge's recommendation that Respondent's Motion to Dismiss should be denied (doc. 13). However, Petitioner indicated he fails to understand the Magistrate Judge's conclusion that he has failed to develop a factual record as to when he could have discovered the factual predicate for his claim under Section 2244(d)(1)(D)(Id.). Petitioner then reiterated that the trial judge advised him he had a right to counsel to file a notice of appeal, but that he was not advised of the time-frame in which he needed to act (Id.). Perhaps in an effort to develop the factual record, Petitioner proffers a letter he wrote on November 10, 2004, to the state court judge, in which he indicated to the judge he completed his sex offender program in the prison and that he was ready to seek counsel to pursue an appeal (Id.). He further proffers a certificate showing he completed the sex offender

8

program on January 8, 2004 (Id.). Petitioner states, "[r]espectfully, once [I] was aware that [I] had a right to appeal without consent from the trial court, [I] diligently pursued [my] claims" (Id.).

**V. Discussion**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. Section 2244(d)(1)(D) properly applies to Petitioner's claim, and the record shows the trial court failed to specifically advise him of the time-frame for filing an appeal. Petitioner averred confusion concerning completing programming in the prison system prior to bringing an appeal, and the November 10, 2004 letter he submitted in support of his Objection can be read to reflect genuine confusion. Under such circumstances, the interests of justice militate in favor of Petitioner on this very close issue.

Accordingly, the Court REJECTS the Objection of Respondent, AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation in its entirety, and DENIES Respondent's Motion to Dismiss Habeas Petition as Time-Barred (doc. 3).

SO ORDERED.

Dated: March 22, 2007         s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge