# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

James Cecil Neff,
      Petitioner,

vs                      Case No. 1:06cv135
                            (Spiegel, S.J.; Black, M.J.)

Tim Brunsman,
      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, who is incarcerated at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 23, 2007, the District Court issued an Order adopting the undersigned's Report and Recommendation of February 22, 2007 to deny respondent's motion to dismiss. (Docs. 3, 11, 14). This matter, which now appears ripe for final adjudication, is before the Court on the petition; respondent's "Answer/Return Of Writ" and supplemental return of writ with exhibits filed on April 3, 2007; and petitioner's "traverse" in reply to the return of writ filed April 13, 2007. (Docs. 1, 15, 16, 17).

## Procedural Background

On August 30, 2000, the Clermont County, Ohio, grand jury issued an indictment in Case No. 00-CR-00404, charging petitioner with two counts of rape in violation of Ohio Rev. Code § 2907.02(A)(1)(b) and three counts of gross sexual imposition in violation of Ohio Rev. Code § 2907.05(A)(4). (Doc. 15, Ex 5). On October 25, 2000, petitioner entered guilty pleas to one count of rape and two counts of gross sexual imposition in exchange for the dismissal of the remaining charges. (*Id.,* Exs. 6-7).

A sentencing hearing was held on November 30, 2000, and on January 10, 2001, the trial court sentenced petitioner to consecutive terms of imprisonment of ten (10) years for the rape offense and five (5) years for each of the gross sexual imposition offenses, for a total prison term of twenty (20) years.[1]  (*Id.,* Ex. 8).  The court also found that petitioner was a "sexual predator" subject to the registration and reporting requirements set forth in Ohio Rev. Code §§ 2950 *et seq.* following his release from prison.  (*Id.*).

At the close of the sentencing hearing, the following colloquy transpired, which was initiated by petitioner's trial counsel, regarding petitioner's appeal rights:

> THE COURT: . . . .  Mr Nagel [prosecutor], or Mr. Harp [defense counsel], did I miss something, or forgot something?
>
> MR. NAGEL:  No.
>
> MR. HARP:  No, I don't believe so, Your Honor.  I want to make certain.  I apologize for ignorance.  I want to make certain of Mr. Neff's appeal rights on this sentence, Sir.  Or preserve that[.]  I'm not certain as to whether I need to object to the Court's sentencing in order to preserve those appeal rights.  But if I do, would the Court, respectively, enter my objection to the sentence?
>
> THE COURT: You don't – my understanding of the law, stated very

---

[1]  In addition, this sentence was to be served consecutively to the sentence imposed in Clermont County Court of Common Pleas Case No. 95-CR-005326.  (*See* Doc. 15, Ex. 8, p. 3).  That case involved a five-count indictment, charging petitioner with felonious sexual penetration, attempted rape and gross sexual imposition offenses.  (*Id.,* Ex. 1).  On January 4, 1996, petitioner entered a guilty plea to one count of felonious sexual penetration and one count of gross sexual imposition in exchange for the dismissal of the remaining three charges.  (*Id.,* Ex. 2).  Petitioner was sentenced on February 6, 1996 to consecutive terms of imprisonment of four (4) to fifteen (15) years for the felonious sexual penetration offense and eighteen (18) months on the gross sexual imposition charge.  (*Id.,* Ex.  3).  The court suspended the sentence for the felonious sexual penetration offense, and placed petitioner on a 3-5 year period of probation after he completed his sentence on the gross sexual imposition charge.  (*Id.*).  On November 30, 2000, the trial court revoked petitioner's probation and reimposed the original sentence "to be served consecutively with sentence imposed in Case No. 00-CR-00404."  (*Id.,* Ex. 4).

2

specifically on the Appeal Rights, is that if more than – if the maximum is imposed on the rape, or if the sentences are run consecutive to the point where they are greater, they represent the maximum on the rape, or more, then Mr. Neff has a right to appeal.

I'll be happy to indicate your objections are noted for the record. Mr. Neff should have the right to appeal this sentence. I think it's clear that he does.

**** 

Your objections are noted. He has the right to appeal his sentence.

MR. HARP: Okay.

THE COURT: Now, with respect to the finding that you're a sexual predator there are certain obligations that go along with that. . . .

****

Now, in terms of appeal rights you also have the right to appeal the finding with regard to the sexual predator. In terms of appeal rights, Mr. Neff, they are as follows: You have the right to appeal. We just discussed that. There's clearly a statutory right to appeal in this case.

If you're unable to pay the cost of an appeal, you have the right to appeal without payment. If you're unable to obtain counsel for an appeal, counsel will be appointed without cost. If you are unable to pay the costs of documents necessary for an appeal the documents will be provided without cost. *You have the right to have a Notice of Appeal timely filed on your behalf.*

Obviously you're going to be locked up, and for all practical purposes I would suggest you probably are indigent. If you want to have the Court appoint counsel for you then you can sign an affidavit, send me a letter asking me to appoint counsel and I will appoint – I probably, will appoint counsel for you. Obviously if the State objects, I'll give an opportunity for you to provide me with information regarding your

3

assets and liabilities that would bear on that.

Mr. Harp is a very fine attorney.  He's represented you well.

****

. . . .Mr. Harp can handle your appeal.  Often times one of the issues that is raised on appeal is ineffective assistance of counsel.  From my [per]spective I don't think Mr. Harp's representation has been ineffective.  He's a very competent attorney.  However, if you want to raise that issue on appeal you probably will want to have separate counsel.

What I would suggest is that you talk that matter over with your – probably your family, talk it over with Mr. Harp.  If you want me to appoint counsel for you, Mr. Neff, just send me a letter.  I'll appoint someone to represent you.  Mr. Harp will have you sign the affidavit. If you want to retain separate counsel obviously you can do that also. If you want to retain Mr. Harp to handle your appeal, you're free to do that.  But if you are intending to raise the issue of ineffective assistance, it's somewhat difficult to do that, you will be represented by trial counsel in raising that issue on appeal.  It's probably impossible.  Having said that, anything else?

MR. HARP:   No, sir, not from the defense.

(Doc. 16, Sentencing and Sexual Offender Classification Hearing, Tr. 46-51) (emphasis added).

Petitioner did not pursue an appeal as of right from his conviction and sentence.  On March 11, 2002, over a year after he was sentenced, petitioner entered a residential sex offender treatment program, which ended January 8, 2004 with the issuance of a "Certificate of Completion."  (Doc. 15, Ex. 29).

In the meantime, on September 3, 2002, well over one and one-half years after he was sentenced, petitioner filed a *pro se* "Document Request" with the Clermont County Clerk of Courts, wherein he stated in pertinent part:

*The Petitioner presently intend[s] to file a delayed appeal* or other

4

post-conviction action in this matter[;] I the petitioner am unable to prepare the proper pleadings, as I do not have the necessary documentation.

(Doc. 15, Ex. 9) (emphasis added). In the pleading, petitioner went on to request that a copy of the indictment, docket sheet, all journal entries, and the bills of particulars filed in Case Nos. 00-CR-00404 and 95-CR-005326. (*Id.*). Petitioner also filed on the same date an application and affidavit to proceed *in forma pauperis*. (*Id.,* Ex. 10).

No further action was taken until January 26, 2005, when a letter dated November 10, 2004 from petitioner to the state trial court judge was filed in Clermont County Common Pleas Court Case No. 00-CR-00404. (*Id.,* Exs. 11, 25). In the letter, petitioner indicated that he and his family had tried "many times to contact my attorney in my case to help me in this matter but to no avail." (*Id.,* Ex. 11). Petitioner requested that counsel be appointed to represent him on appeal and further informed the court that "[s]ince I have been incarcerated, I have managed to complete many programs," including a "two-year i[n]patient sex offender treatment program in which I graduated with high honors." (*Id.*).

On February 1, 2005, the trial court denied petitioner's request for appointment of counsel; the court reasoned that petitioner did not have the right to counsel for the purpose of preparing a motion for leave to file a delayed appeal, as petitioner was only required to provide an explanation for his failure to file an appeal as of right, not "a recitation of proposed errors to be raised on appeal."[2] (*Id.,* Ex. 12).

Approximately four and one-half months later, on June 16, 2005, petitioner next filed a *pro se* notice of appeal and motion for delayed appeal with the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Exs. 13-14). In his motion for delayed appeal, petitioner did not set forth the assignments of error that he planned to raise on appeal. He argued as "cause" for his delay in filing that although he

---

[2] In its order, the trial court referred to petitioner's motion as having been filed on December 10, 2004. (*See* Doc. 15, Ex. 12). However, it is clear from the court's docket records that no motion or any other pleading or order was filed on December 10, 2004. Therefore, the undersigned assumes that the court's reference to a December 10, 2004 filing date was a clerical error.

was informed at sentencing that he had a right of appeal, he was not advised of the 30-day time-frame for perfecting a timely appeal; that his trial counsel told him to complete "some sex offense programs" in prison first before asking the court to appoint counsel to represent him on appeal;[3] and that he never "waived" his Sixth Amendment right to counsel for the purpose of filing a timely notice of appeal. (*Id.,* Ex. 14, p. 3). On August 4, 2005, the Ohio Court of Appeals denied petitioner's motion for delayed appeal and dismissed the appeal without opinion. (*Id.,* Ex. 17).[4]

Petitioner sought leave to appeal further to the Supreme Court of Ohio, claiming as the sole proposition of law that the Ohio Court of Appeals erred in denying his motion for delayed appeal without "making the required . . . determinations" established in *State v. Sims,* 272 N.E.2d 87 (Ohio 1971), as to whether petitioner was indigent and had waived his right to counsel for the purpose of perfecting a timely appeal. (*Id.,* Ex. 21). On December 14, 2005, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 23).

Soon thereafter, petitioner commenced the instant federal habeas corpus action. The petition, which was officially "filed" on March 13, 2006, was signed by petitioner on January 13, 2006, and was stamped as "received" by the Court for filing two times–first on January 19, 2006 and then on February 3, 2006. (Doc. 1).

In the petition, petitioner presents one ground for relief:

---

[3]  Petitioner did not assert this allegation regarding erroneous advice he purportedly received from his trial counsel on further appeal to the Supreme Court of Ohio from the denial of his delayed appeal motion; nor has he raised such an argument in the instant federal habeas corpus petition. (*See* Doc. 1; Doc. 15, Ex. 21; *see also* Docs. 6, 8, 17). Therefore, it appears that petitioner has waived any such claim.

[4]  Petitioner filed a motion for reconsideration on August 19, 2005, which was denied by the Ohio Court of Appeals on the ground that it was not timely filed in accordance with Ohio R. App. P. 26(A). (Doc. 15, Exs. 18, 20).

>The [Ohio Court of Appeals] erred to the prejudice of [petitioner]
>when it denied delayed appeal without making the required *State v.
>Sim[]s,* 272 N.E.2d 87[,] determinations of whether [petitioner] was
>indigent and whether [petitioner] waived the right of counsel to ...
>timely file the jurisdictional notice of appeal into the Court of
>Appeal[s].

(*Id.*, p. 5).

In response, respondent filed a motion to dismiss, contending that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 3).

On February 22, 2007, the undersigned issued a Report and Recommendation to deny the motion to dismiss, reasoning that: (1) to the extent petitioner alleges his motion for delayed appeal was improperly denied, his claim could not have accrued before August 4, 2005, the date the Ohio Court of Appeals issued its challenged ruling; and (2) to the extent petitioner's claim is based on the underlying allegation that he was not informed of the time limits for perfecting an appeal as of right at his sentencing hearing in November 2000, "the record has not been fully developed as to when petitioner could have discovered the factual predicate for such claim in the exercise of due diligence" under the applicable one-year limitations provision set forth in 28 U.S.C. § 2244(d)(1)(D). (*See* Doc. 11; *see also* Doc. 14, pp. 4-7). On March 23, 2007, the District Court affirmed and adopted the February 22, 2007 Report and Recommendation, and denied respondent's motion to dismiss. (Doc. 14).

In the return of writ filed on April 3, 2007, respondent contends that petitioner's claim challenging the propriety of the Ohio Court of Appeals' decision to deny his motion for delayed appeal involves an alleged error under state law, which is not cognizable in this federal habeas proceeding. (Doc. 15, pp. 5-7). With respect to petitioner's underlying claim that he was not adequately informed of his appellate rights at sentencing, respondent reasserts the statute of limitations defense and, alternatively, argues that petitioner is not entitled to habeas relief based on the merits of such claim. (*Id.,* pp. 7-28).

7

## OPINION

### A. Petitioner Is Not Entitled To Relief To The Extent He Alleges The Ohio Court Of Appeals Erred In Denying A Delayed Appeal Without Making Certain Findings Required By The State Supreme Court In *Sims*

Petitioner contends that he is entitled to habeas relief because the Ohio Court of Appeals denied his motion for delayed appeal without making certain factual determinations, required under the Supreme Court of Ohio's decision in *Sims*, 272 N.E.2d at 85, as to whether petitioner was indigent and, if so, whether he "knowingly and intelligently waived his right of direct appeal and his right to court-appointed counsel for direct appeal prior to the expiration of the time in which such an appeal could be taken." (Doc. 1, p. 5).

As an initial matter, the Court is precluded from reviewing this claim to the extent petitioner asserts he is entitled to relief due to an alleged violation of Ohio law. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, to the extent petitioner alleges error under state law, his claim is not cognizable in this proceeding.

Nor does petitioner's claim implicate federal constitutional concerns, except to extent that petitioner seeks relief based on the underlying claim that he was denied his constitutional right of appeal because he was not adequately informed of his appellate rights when he was convicted and sentenced. *Cf. Wolfe v. Randle,* 267 F.Supp.2d 743, 747 (S.D. Ohio 2003) (Spiegel, S.J.) (while acknowledging as noted by respondent that "a defendant is not necessarily denied a constitutional right when a state court denies a request for a delayed appeal," the district court went on conclude that "due process rights are implicated when a delayed appeal is the result of a lower court's failure to ensure that an indigent defendant's appellate rights are protected").[5] However, as separately discussed *infra* pp. 10-15, the

---

[5] *See also Lawhun v. Jeffries,* No. 1:05cv2491, 2006 WL 1982869, (N.D. Ohio July 13, 2006) (O'Malley, J.) (unpublished) (because the petitioner was not seeking an appeal as of right, but rather a discretionary appeal under Ohio R. App. P. 5, "his claim that his due process rights were violated due to lack of counsel in perfecting his delayed appeal is without merit").

underlying claim of constitutional error is time-barred.

Because the underlying claim of the denial of the right to an appeal as of right is time-barred, petitioner can only argue that, because he had complied with the requirements set forth in Ohio R. App. P. 5 for the granting of a delayed appeal, the state appellate court's denial of his motion for leave to appeal amounts to constitutional error.  In a recent case, the Sixth Circuit rejected a similar claim, reasoning in relevant part:

> The rule at issue, Ohio App. R. 5, states in pertinent part, "A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. . . ."  Appellant argues that because he filed the Motion with the court of appeals and set forth his reason for his failure, he should have been granted leave and failure to do so violated his right to due process.  He additionally states that there is no good cause requirement under the statute.  However, similar to Ohio Rev. Code § 2953.05, under Rule 5(A) "where there has not been a timely appeal as a matter of right, appeal may be had only by leave of court for good cause shown."  *Keener v. Ridenour,* 594 F.2d 581, 585 (6th Cir. 1979).  Additionally, this court has previously read into Rule 5 an implied requirement of good cause in *Deitz v. Money,* 391 F.3d 804 (6th Cir. 2004).  In *Deitz,* it was held that "[t]he decision to grant or deny a motion for leave to appeal pursuant to rule 5(A) is therefore solely within the discretion of the appellate court."  *Id.* at 811.  It was for that reason that Ohio App. R. 5 was found to not be "firmly established and regularly followed."  *Id. . . .*
>
> If a criminal defendant were automatically granted leave to appeal by merely filing the proper motion and setting forth any reason, "state court judgments would never attain finality because they would always be subject to reconsideration on a motion for delayed appeal."  *Cf. Wheeler v. Jones,* 226 F.3d 656, 660 (6th Cir. 2000)[, *cert. denied,* 532 U.S. 1068 (2001).]

*Granger v. Hurt*, 215 Fed.Appx. 485, 494-95 (6th Cir. Feb. 8, 2007) (not published in Federal Reporter).

In any event, here, the Ohio Court of Appeals acted well within its discretion to deny petitioner's motion for delayed appeal filed on June 16, 2005. Although petitioner provided an explanation as to why he was unable to perfect an appeal as of right within thirty (30) days of his conviction and sentence, he failed to adequately justify the substantial four and one-half year delay in filing his motion for leave to appeal after he was sentenced on January 10, 2001.[6]  Moreover, it appears from the record that by September 3, 2002, petitioner was aware that it was necessary to file a motion for delayed appeal in order to obtain state appellate review of his conviction and sentence.  (*Id.,* Ex. 9).[7]

Accordingly, in sum, the undersigned concludes that petitioner is not entitled to habeas relief to the extent he claims that the Ohio Court of Appeals erred in denying his motion for delayed appeal without making certain findings required by the Ohio Supreme Court in *Sims,* and despite his compliance with the requirements set forth in Ohio R. App. P. 5 for obtaining a delayed appeal.

---

[6]  *Cf. State v. Wilbur,* Nos. 05AP-960 & 05AP-961, 2005 WL 3113445, *1 (Ohio Ct. App. Nov. 22, 2005) (unpublished) (denying a motion for delayed appeal in case where the defendant claimed that he was not advised of his right to appeal, because the defendant failed to justify the "almost 14-month" delay in filing his motion in the absence of any explanation as to "when or how he learned of his right to appeal and the steps he took to file an appeal upon discovering that right"), *appeal dismissed,* 845 N.E.2d 523 (Ohio 2006); *State v. Robinson,* No. 04AP-713, 2004 WL 1945687 (Ohio Ct. App. Sept. 2, 2004) (unpublished) (holding that a three and one-half year delay in filing a motion for delayed appeal, "without justifiable explanation," was "unreasonable," where like here, the defendant claimed he was not informed of his right to appeal, but failed to "state how or when he did learn of his right to appeal" and why "it took him more than three years to learn of his right to appeal").

[7]  Although petitioner claims that his delay in filing was based on his counsel's advice to wait to appeal until after he had completed a sex offender treatment program, it appears from the present record that petitioner did not enroll in such a program until over a year after he was sentenced.  (*See* Doc. 15, Ex. 29).  Moreover, despite the fact that he completed the treatment program on January 8, 2004 (*see id.,* Ex. 29), petitioner did not even seek the appointment of counsel to represent him in an appeal until over a year thereafter.

**B.  Based On The Record As Developed After The Denial Of Respondent's Motion To Dismiss, It Appears That Petitioner's Underlying Claim That He Was Denied His Constitutional Right Of Appeal Is Time-Barred**

In the return of writ filed on April 3, 2007, respondent reasserts the defense that the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) bars review of petitioner's underlying claim that he was denied his constitutional right of appeal due to his counsel's and the trial court's failure to inform him of the thirty-day deadline for perfecting an appeal as of right.  (*See* Doc. 15, pp. 7-20).

In denying respondent's previously-filed motion to dismiss, the Court determined that the limitations provision set forth in § 2244(d)(1)(D) "properly applies" to this claim.  (*See* Doc. 14, p. 9).  Under this provision, the one-year statute of limitations begins to run from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. Moreover, under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of any properly filed application for state post-conviction relief or other collateral review.

Here, the record clearly establishes that petitioner was advised at the November 30, 2000 sentencing hearing of his appellate rights, which included the right to court-appointed counsel free-of-cost and "the right to have a Notice of Appeal *timely filed* on [his] behalf;" however, as petitioner has pointed out, he was not specifically informed when entering his plea or at sentencing of the 30-day time limit for filing an appeal as of right under Ohio R. App. P. 4(A).  (*See* Doc. 16, Sentencing and Sexual Offender Classification Hearing, Tr. 46-51 (emphasis added); *see also* Doc. 3, Exs. B-D; Docs. 4, 5).

Therefore, as discussed in the Report and Recommendation issued February 22, 2007 (*see* Doc. 11, p. 7), the statute of limitations set forth in § 2244(d)(1)(D) commenced running in this case when, in the exercise of due diligence, petitioner could have discovered that he was required by Ohio law to exercise his right of appeal within thirty days after entry of the judgment of conviction and sentence. *Cf. Evans v. Lazaroff,* No. 2:06cv188, 2006 WL 3759697, at *7 (S.D. Ohio Dec. 19, 2006) (Holschuh, J.; Abel, M.J.) (unpublished) (citing *DiCenzi v. Rose,* 452 F.3d 465, 469-71 (6th Cir. 2006)).

As the Sixth Circuit explained in *DiCenzi*:

The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [the time limit for perfecting an appeal as of right].  After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.

*DiCenzi,* 452 F.3d at 470 (citing *Wims v. United States,* 225 F.3d 186, 190 (2nd Cir. 2000)).

Petitioner has the burden of proving that he exercised due diligence for statute of limitations purposes under § 2244(d)(1)(D).  *Id.* at 471.  The resolution of this issue involves an assessment of "both (a) when [petitioner] first learned of his right to appeal, and (b) when a reasonably diligent person in [petitioner's] position could be reasonably expected to learn of his appeal rights."  *Id.* (citing *Wims,* 225 F.3d at 190-91).

The record remains unclear as to precisely when petitioner, acting in due diligence, could have discovered the factual predicate underlying his claim that he was denied his right to an appeal as of right under Ohio R. App. P. 4.  Weighing in petitioner's favor when the Court denied respondent's motion to dismiss "on this very close issue" was evidence submitted by petitioner in the form of a letter to a state court judge, which was dated November 10, 2004, but was not filed with the trial court until January 26, 2005; the court found that the letter could be read to reflect petitioner's "genuine confusion" about having to complete a sex offender treatment program before bringing an appeal.  (*See* Doc. 14, pp. 8-9; *see also* Doc. 15, Exs. 11, 25).

However, after the motion to dismiss was denied, respondent submitted additional evidence with the return of writ.  It now appears from the record that petitioner did not enter the sex offender treatment program referred to in the letter that was relied on in denying respondent's motion to dismiss, until March 11, 2002, well over a year after the final judgment of conviction and sentence was entered.  In addition, it appears that petitioner completed that program on January 8, 2004, over a year before his letter to the state court judge was filed.  Most importantly, respondent has submitted a copy of a pleading filed by petitioner on

12

September 3, 2002 with the Clermont County Clerk of Courts, which demonstrates he was well aware by that date that he had missed the deadline for perfecting an appeal as of right and would have to file a motion for delayed appeal in order to obtain appellate review of his conviction or sentence.  (*See* Doc. 15, Ex. 9).

In light of this new evidence conclusively showing that petitioner knew on September 3, 2002 that the time for perfecting an appeal as of right had passed, the undersigned concludes that the statute of limitations began to run, at the latest, on that date, and it expired one year later on September 3, 2003, absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.[8]

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).  The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired."  *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000);  *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).  Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.  *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

---

[8]  To the extent it may be argued that petitioner's subsequent motion for delayed appeal caused the limitations period to begin running anew, such an argument is unavailing.  In *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001), the Sixth Circuit held that delayed appeal motions do not retrigger the statute's running, but rather can only serve to toll the limitations period.  In *DiCenzi,* the Sixth Circuit further emphasized that a motion for delayed appeal, *"even if granted,* does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending."  *DiCenzi,* 452 F.3d at 469 (emphasis added).

13

In this case, the statute of limitations had run its course years before petitioner sought to challenge his conviction or sentence in a state collateral review proceeding. As discussed above, the statute commenced running at the latest on September 3, 2002 and expired one year later on September 3, 2003. Therefore, no time remained in the limitations period that could be statutorily tolled under 28 U.S.C. § 2244(d)(2) when petitioner filed his motion for leave to file a delayed appeal on June 16, 2005, nearly two years after the statute of limitations had ceased running.[9]

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

---

[9] Petitioner could argue that his filing on September 3, 2002 with the trial court of an application and affidavit to proceed *in forma pauperis*, or the period of time from March 11, 2002 through January 8, 2004 in which he was enrolled in a sex offender treatment program, served to statutorily toll the limitations period under § 2244(d)(2). However, neither petitioner's enrollment in the treatment program nor the *informa pauperis* application, which was not accompanied by any petition for relief, constitute a "properly filed" application for state post-conviction relief or other collateral review within the meaning of § 2244(d)(2). *Cf. Spuck v. Stowitsky,* No. 3:06cv39-KRG-KAP, 2006 WL 3524551, at *1 (W.D. Pa. Dec. 6, 2006) (unpublished) (holding that the petitioner's motion to proceed *in forma pauperis* and motion for appointment of counsel to assist in filing a habeas petition did not "constitute a petition for habeas corpus which would toll the limitations period"); *contrast Foster v. Edwards,* 165 F.3d 27 (table), No. 97-4218, 1998 WL 702336 (6th Cir. Sept. 23, 1998) (unpublished) (holding that federal habeas petition was timely because the statute of limitations was tolled during the pendency of petitioner's *in forma pauperis* application, which together with the petition itself was submitted to the district court for filing within the one-year limitations period, despite the fact that ultimately the petitioner was denied pauper status).

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151).  The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling.  *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)).  The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court.  He also has not demonstrated he is entitled to equitable tolling under *Dunlap*.

Petitioner does not argue, nor is there evidence in the record to suggest, that he was ignorant, or lacked notice or constructive knowledge, of the one-year filing requirement for federal habeas petitions.

Moreover, petitioner has not been diligent in pursuing his rights.  Petitioner has known since September 3, 2002 that he missed the deadline for perfecting an appeal as of right.  Although petitioner may claim that he was operating in accordance with his trial counsel's advice to first complete a sex offender treatment program before pursuing an appeal, he waited over a year after he was convicted to enroll in such a program and another year after completing the program before he even filed a request with the trial court for appointment of counsel to assist in the preparation and filing of a motion for leave to appeal.  After the trial court denied petitioner's request for appointment of counsel on February 1, 2005, petitioner waited yet another four and one-half months before finally filing a motion for delayed appeal with the Ohio Court of Appeals on June 16, 2005.

Accordingly, in sum, the undersigned concludes that petitioner's underlying claim that he was denied his constitutional right of appeal is time-barred under 28 U.S.C. § 2244(d)(1)(D).  In the absence of statutory or equitable tolling, the statute of limitations commenced running at the latest on September 3, 2002 and expired one year later on September 3, 2003.  The instant petition, which was signed by

15

petitioner on January 13, 2006, was submitted for filing well over two years too late.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2.  A certificate of appealability should issue only with respect to any Order adopting the Report and Recommendation to deny petitioner's underlying claim that he was denied his constitutional right of appeal with prejudice on procedural statute of limitations grounds; under the applicable two-part standard established in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would find it debatable whether this Court is correct in its procedural ruling and whether petitioner has stated a viable constitutional claim.  In all other respects, a certificate of appealability should not issue.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and therefore **GRANT** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  _10/24/07_                            _s/Timothy S. Black_____
      cbc                             Timothy S. Black
                                        United States Magistrate Judge

J:\BRYANCC\2007 habeas orders\06-135denypet.den-delapp.sol-rtapp-gp.wpd

16

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

_____

James Cecil Neff,
     Petitioner,

                                   Case No. 1:06cv135
          v.                           (Spiegel, S.J.; Black, M.J.)

Tim Brunsman,
     Respondent.

**NOTICE**

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).