```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

JAMES CECIL NEFF,                  :
                                   : NO. 1:06-CV-00135
     Petitioner,                  :
                                   :
  v.                               : **OPINION AND ORDER**
                                   :
                                   :
TIM BRUNSMAN, Warden,              :
                                   :
     Respondent.                  :

     This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 20), and Petitioner's Objections (doc. 27). For the reasons indicated herein, the Court AFFIRMS and ADOPTS the Report and Recommendation in all respects.

**I.  Background**

     The Court has reviewed the background of this case in its March 27, 2007 Order, which it incorporates by reference, and repeats to some extent here (doc. 14). In summary, Petitioner James Neff, an inmate in state custody at Chillicothe Correctional Institution in Chillicothe, Ohio, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). Petitioner entered guilty pleas on October 25, 2000, to one count of rape, in violation of Ohio Rev. Code § 2907.02(A)(1)(b), and to two counts of gross sexual imposition, in violation of Ohio Rev. Code § 2907.05(A)(4) (doc. 11). The trial court sentenced Petitioner on January 10, 2001, to consecutive terms of imprisonment of ten years for the rape offense, and to five years for each of the gross sexual

imposition offenses, for a total of twenty years of imprisonment (Id.). The Court also found Petitioner to be a "sexual predator," and subject to the registration and reporting requirements of Ohio Rev. Code § 2950, et seq. (Id.).

Petitioner took no action to challenge or appeal his sentence until more than four years later, on June 16, 2005, when he filed a pro se notice of appeal and a motion for delayed appeal with the Ohio Court of Appeals, which the court denied (Id.). Petitioner averred he had "cause" for his appeal based on allegations that although he was advised of his right to appeal at sentencing, no one advised him he only had thirty days to do so (Id.). According to Petitioner, his trial counsel advised him to complete "some sex offense programs" in prison prior to seeking counsel to represent him on appeal (Id.). The record shows that the trial court advised Petitioner that he had "the right to have a Notice of Appeal timely filed on your behalf" (doc. 20).

Additional evidence, not previously before the Court, now shows that Petitioner entered a residential sex offender treatment program on March 11, 2002, over a year after he was sentenced (Id.). On September 3, 2002, while still in the treatment program, Petitioner filed a pro se document request with the Clermont County Clerk of Courts, in which he stated he intended "to file a delayed appeal," for which he required copies of his case documents (Id.).

2

After the appeals court denied his claim in August 2005, Petitioner next sought leave to appeal with the Ohio Supreme Court, claiming the appeals court erred in denying his motion for delayed appeal without determining whether he was indigent and had waived his right to counsel for the purpose of perfecting a timely appeal, consistent with State v. Sims, 272 N.E. 2d 87 (Ohio 1971) (Id.). The Ohio Supreme Court denied Petitioner leave to appeal and dismissed the appeal on December 14, 2005 (Id.).

Petitioner then initiated the instant habeas petition, which he filed on February 7, 2006 (doc. 1).  Petitioner alleges one ground of relief in his petition: that the Ohio Court of Appeals erred in denying him appeal without making the determinations under Sims, 272 N.E. 2d 87, whether he was indigent and whether he had waived the right of counsel to timely file the notice of appeal (Id.).

Respondent filed a motion to dismiss Petitioner's habeas petition (doc. 3), arguing that the petition was time barred from review by the one-year statute of limitations of 28 U.S.C. § 2244(d) (doc. 3).  In its March 23, 2007 Order, the Court adopted the Magistrate Judge's Report and Recommendation that Respondent's motion should be denied, and the Petition should not be dismissed as time-barred (doc. 14).

Respondent filed the return of writ on April 3, 2007, contending the Ohio Court of Appeal's decision involves an alleged

error under state law, and therefore is not cognizable as a federal habeas action (doc. 15). Respondent further asserts the statute of limitations bars Petitioner's underlying claim that he was inadequately informed of his appellate rights at sentencing, and alternatively, that Petitioner is not entitled to habeas relief on the merits of such claim (Id.).

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge found that Petitioner is not entitled to relief to the extent he alleges the Ohio Court of Appeals erred in denying a delayed appeal without making certain findings required by the Ohio Supreme Court in Sims, 272 N.E. 2d at 85 (doc. 20). As much as Petitioner alleges an error under state law, the Magistrate Judge opined Petitioner's claim is not cognizable in this proceeding (Id. citing 28 U.S.C. § 2254(a), Pulley v. Harris, 465 U.S. 37, 41 (1984)). Next, the Magistrate Judge found that Petitioner's claim does not implicate federal constitutional concerns, with the exception of his claim that he was inadequately informed of his appellate rights, which is time-barred (Id.).[1] The Magistrate Judge further found under Granger v.

---

[1] The Magistrate Judge found that based on the record developed after the denial of Respondent's Motion to Dismiss, the one-year statute of limitations of 28 U.S.C. § 2244(d)(1)(D) ran its course at the latest on September 3, 2003, a year after Petitioner's letter showing his knowledge that his appeal was delayed. Petitioner's motion for leave to file a delayed appeal on June 16, 2005, therefore, was nearly two years too late. The Magistrate Judge further found no basis for tolling the statute of limitations either under 28 U.S.C. § 2244(d) or under

Hurt, 215 Fed Appx. 485, 494-95 (6th Cir. Feb. 8, 2007, Petitioner has no basis to argue that because he complied with Ohio R. App. P. 5, the state appellate's denial of his motion for leave to appeal amounts to constitutional error (Id.). The Magistrate Judge therefore recommended the Court deny Petitioner's petition with prejudice, but that the Court issue a certificate of appealability as to the denial on statute of limitations grounds of Petitioner's underlying claim that he was denied his constitutional right to appeal (Id.). The Magistrate Judge further recommended that the Court grant Petitioner leave to appeal in forma pauperis, upon a showing of financial necessity (Id.).

**III. Petitioner's Objections**

Petitioner argues that because the Ohio Supreme Court's decision in Sims cited to Griffin v. Illinois, 351 U.S. 12 (1952), and to Douglas v. California, 372 U.S. 353 (1963), there are in fact federal constitutional issues cognizable in this matter (doc. 27). Citing to this Court's own decision in Wolfe v. Randle, 267 F. Supp. 2d 743, 748, Petitioner argues that he was entitled to be informed of his right to appeal and the procedures and time limits involved in proceeding with that appeal (Id.).

Petitioner specifically objects to the Magistrate Judge's finding that his motion for a delayed appeal is time-barred, citing to the Court's March 23, 2007 decision in which the Court found

---

equitable principles.

5

legitimate confusion due to the fact that Petitioner was not advised specifically of the time-frame in which he needed to act (Id.). Petitioner signals that the sex offender program he participated in did not conclude until January 2, 2004 as a justification for his tardy filing of a request for appeal (Id.).

**IV. Discussion**

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. To the extent that Petitioner's claim involves state law questions, it is not cognizable in habeas corpus proceedings. Pulley v. Harris, 465 U.S. 37, 41 (1984). Moreover, to the extent that any constitutional questions are at issue, Petitioner's claims are time-barred, as found by the Magistrate Judge.

Petitioner's citation to Griffin v. Illinois, 351 U.S. 12 (1952), and to Douglas v. California, 372 U.S. 353 (1963), are unavailing because he raised no federal due process claims within a timely manner. Similarly, his case is not on point with Wolfe v. Randle, 267 F. Supp. 2d 743, 748, because the facts show first that the Court did advise him of his right to appeal, at sentencing, and second, because of the newly proffered evidence that Petitioner knew as of September 3, 2002, that he was late in requesting an appeal. Petitioner's letter as of such date, during the same time he was still participating in the treatment program, belies the

6

notion that Petitioner thought he had to wait until the end of the program to file his appeal.  Due process rights are implicated when a delayed appeal is the result of a lower court's failure to ensure that an indigent defendant's appellate rights are protected, but here, the delayed appeal is not due to such a failure.  As of Petitioner's letter on September 3, 2002, he already knew his appeal was tardy.  Despite this knowledge, he waited almost two years before acting to assert his appeal, which does not reflect due diligence within the meaning of Section 2244(d)(1)(D).  The Court made its prior finding of potential legitimate confusion without the benefit of the additional evidence now in the record.

Accordingly, the Court REJECTS Petitioner's Objection (doc. 27), AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 20), and DENIES WITH PREJUDICE Petitioner's writ of habeas corpus brought pursuant to 28 U.S.C. 2254 (doc. 1).  The Court further FINDS that a certificate of appealability should issue only with respect to the portion of this Order denying Petitioner's underlying claim that he was denied his constitutional right of appeal, on procedural statute of limitation grounds; under the two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), because "jurists of reason" would find it debatable whether this Court is correct in its procedural ruling and whether Petitioner has stated a viable constitutional claim.  In all other respects, a certificate of

appealability should not issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3), that with respect to any application by Petitioner to proceed on appeal <u>in forma pauperis</u>, an appeal of this Order would be taken in "good faith." Therefore the Court GRANTS Petitioner leave to proceed on appeal <u>in forma pauperis</u> upon a showing of financial necessity. Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: May 21, 2008  /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge